UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
GILBERTO VARGAS,

                      Plaintiff,

                 -against-

NEW YORK CITY; NYPD #60TH PCT;
OFFICER #942139, OFFICER JHON DOE #1;
OFFICER # 2662, OFFICER JHON DOE #2;
and OFFICER #932207,

                      Defendants.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**

15-CV-5040 (SLT) (RML)

**TOWNES, United States District Judge:**

       In August 2015, Plaintiff Gilberto Vargas, proceeding *pro se*, commenced this action in the United States District Court for the Southern District of New York, alleging that New York City Police Department ("NYPD") officers delayed in providing him treatment for his diabetes following his arrest on July 24, 2015. By order dated August 25, 2015, this action was transferred to this Court. The Court grants Plaintiff's request to proceed *in forma pauperis*. For the reasons that follow, the Complaint is dismissed in part and shall only proceed as to the individual police officers.

## BACKGROUND

       Plaintiff's pleading (the "Complaint") consists of a four-page form which, with the exception of the section entitled "Basis for Jurisdiction," has been completed by Plaintiff. The caption lists seven defendants (the "Defendants"): New York City (the "City"), the NYPD's 60th Precinct, and five individual police officers, three of whom are identified by badge number and two of whom are Doe defendants. However, the first paragraph of the Complaint lists only four defendants: the 60th Precinct and the three officers who are identified by badge number.

       The Complaint alleges that on July 24, 2015, unspecified officers from the 60th Precinct denied him medical attention for his diabetes. (Compl. ¶ III (c)). He did not receive medical

treatment until after the officers took him to Central Booking, where an EMS worker told the officers to take him to the hospital. (*Id.*) Even after receiving this medical advice, Officer #2662 and one of the Does delayed for about two hours before transporting him to Bellevue Hospital. (*Id.*) Plaintiff alleges that as a result he now has "severe pain in my kidney area with persistent vomiting and excessive diarrhea, heavy bleeding and seizures." (*Id.* ¶ IV.) The Complaint requests damages of 20 million dollars and other relief.

## STANDARD OF REVIEW

A district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint fails to state a claim on which relief can be granted if it does not plead enough facts "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A complaint plausibly states a claim if the facts alleged "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). Although "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting Twombly, 550 U.S. at 555). Similarly, a complaint does not state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting Twombly, 550 U.S. at 557).

A court must construe a *pro se* litigant's pleadings liberally and interpret them to raise the strongest arguments they fairly suggest. Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted). Liberal construction is especially important when a *pro se* litigant's pleadings allege civil rights violations. Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191 (2d Cir. 2008). Lastly, a *pro se* complaint should not be dismissed without granting a *pro*

*se* litigant leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999) (internal quotation marks omitted).

## DISCUSSION

Although the Complaint does not allege a basis for subject-matter jurisdiction, the Court liberally construes Plaintiff's complaint as filed pursuant to 42 U.S.C. § 1983. This Section provides, in pertinent part:

> Every person who, under color of any statute, ordinance regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. This statute "creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993); see also Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). In order to maintain a § 1983 action, a plaintiff must show that the defendant (a) acted under color of state law (b) to deprive the plaintiff of a right arising under the Constitution or federal law. Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010); Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1984); see also Rehberg v. Paulk, —U.S. —, 132 S.Ct. 1497, 1501-02 (2012).

Since the Complaint lists the City as a defendant in the caption but not in the list of defendants which appears in Paragraph I.B, it is unclear whether Plaintiff intends to sue the City as well as the 60th Precinct. Regardless of Plaintiff's intentions, the City is the correct defendant. Section 396 of the Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of

3

any agency, except where otherwise provided by law." N.Y.C. Charter § 396. That provision "has been construed to mean that New York City departments [and agencies, such as the NYPD], as distinct from the City itself, lack the capacity to be sued. Ximines v. George Wingate High Sch., 516 F.3d 156, 159-160 (2d Cir. 2008) (*per curiam*); Jenkins v. City of New York, 478 F.3d 76, 93 n.19 (2d Cir. 2007) (NYPD not a suable entity). Accordingly, the Court will construe the Complaint as naming the City as a defendant. All claims against the 60th Precinct are dismissed.

The claims against the City, however, must also be dismissed. It is well-settled that a municipality can only be sued under § 1983 if the alleged injury was the result of an official policy, custom, or practice of the municipality. Monell v. Dep't of Social Servs. of the City of New York, 436 U.S. 658, 692 (1978); see also Connick v. Thompson, 131 S.Ct. 1350, 1359 (2011) (municipalities can be held liable for "practices so persistent and widespread as to practically have the force of law"); Costello v. City of Burlington, 632 F.3d 41, 49 (2d Cir. 2011); Plair v. City of New York, 789 F.Supp.2d 459, 469 (S.D.N.Y. 2011) ("Following Iqbal and Twombly, Monell claims must satisfy the plausibility standard . . . ."). The Complaint, which does not allege any facts against the City or its agencies, does not allege any policy, custom, or practice on the part of the City that might plausibly have caused any constitutional injuries. Thus, even though the Court construes the Complaint as naming the City as a defendant, the Court dismisses the claims against the City for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

For the reasons set forth above, Plaintiff's claims against New York City and the NYPD's 60th Police Precinct are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). No summons shall issue against these defendants and the Clerk of Court is directed to amend the caption to reflect

4

the dismissal of these defendants. This action shall proceed as to Police Officer #2662, Police Officer #932207, Police Officer #942139, and the two Doe officers. The Clerk of Court shall issue a summons against these five defendants and the United States Marshal Service is directed to serve the summons, the Complaint and a copy of this Memorandum and Order upon these defendants without prepayment of fees. The Clerk of Court shall mail a courtesy copy of the same papers to the Corporation Counsel for the City of New York, Special Federal Litigation Division.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The case is respectfully referred to the Honorable Robert M. Levy for pretrial supervision.

**SO ORDERED.**

/S/ Judge Sandra L. Townes
_____
/ SANDRA L. TOWNES
United States District Judge

Dated: October *14*, 2015
Brooklyn, New York

5