UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

GILBERTO VARGAS,

                                            Plaintiff,

-against-

Detective EDDIE MARTINS, Shield No. 5731;
Detective BRIAN TURNER, Shield No. 2662;
Detective PAUL MARCONI, Shield No. 14831;
Detective JOHN RIVERA Shield No. 452;
Detective MIKE CIVIL, Shield No. 02114;
Detective HARUN MIAH, Shield No. 2133; and JOHN and JANE DOE 1through 10, individually and in their official capacities (the names John and Jane Doe being ficticious, as the true names are presently unknown),

                                            Defendants.

------------------------------------------------------------------------ x

**ANSWER TO THE FIRST AMENDED COMPLAINT ON BEHALF OF DEFENDANT MIAH**

**15 CV 5040 (LDH) (RML)**

**JURY TRIAL DEMANDED**

Defendant Harun Miah,[1] by his attorney, Zachary W. Carter, Corporation Counsel of the City of New York, for his answer to the First Amended Complaint ("Complaint"), dated May 9, 2017, respectfully allege, upon information and belief, as follows:

## AS TO "NATURE OF THE ACTION"

1. Denies the allegations set forth in paragraph "1" of the Complaint, except admits that plaintiff purports to proceed as stated therein.

---

[1] According to the Civil Docket Sheet, defendant Paul Marconi, Shield No. 14831, was served on May 23, 2017, with his answer due on June 13, 2017. (See Docket Entry No. 27). Moreover, as per the Stipulation of Voluntary Withdrawal filed on June 13, 2017, plaintiff has voluntarily withdrawn his claims against Paul Marconi with prejudice as he was not a proper party to this action. (See Docket Entry No. 29).

## AS TO "JURISDICTION AND VENUE"

2. Denies the allegations set forth in paragraph "2" of the Complaint, except admits that plaintiff purports to proceed as stated therein.

3. Denies the allegations set forth in paragraph "3" of the Complaint, except admits that plaintiff purports invoke jurisdiction as stated therein.

4. Denies the allegations set forth in paragraph "4" of the Complaint, except admits that plaintiff purports invoke venue as stated therein.

## AS TO "JURY DEMAND"

5. State that paragraph "5" of the Complaint is a demand for a jury trial, not an averment of fact, and as such no response is required.

## AS TO "PARTIES"

6. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint.

7. Denies the allegations set forth in paragraph "7" of the Complaint, except admits that defendants, Detectives Eddie Martins, Shield No. 5731; Brian Turner, Shield No. 2662; and John Rivera, Shield No. 452 were employed by the City of New York as members of the New York City Police Department.

8. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint.

9. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint.

10. State that the allegations set forth in paragraph "10" of the Complaint are legal conclusions to which no response is required, except admits that defendants, Detectives Eddie

Martins, Shield No. 5731; Brian Turner, Shield No. 2662; and John Rivera, Shield No. 452 were employed by the City of New York as members of the New York City Police Department.

## AS TO "STATEMENT OF FACTS"

11. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint.

12. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint.

13. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint.

14. Denies the allegations set forth in paragraph "14" of the Complaint, except admits that plaintiff was arrested on July 24, 2015.

15. Denies the allegations set forth in paragraph "15" of the Complaint.

16. Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint.

17. Denies the allegations set forth in paragraph "17" of the Complaint.

18. Denies the allegations set forth in paragraph "18" of the Complaint, except admits that plaintiff was handcuffed and put in a police van.

19. Denies the allegations set forth in paragraph "19" of the Complaint.

20. Denies the allegations set forth in paragraph "20" of the Complaint.

21. Denies the allegations set forth in paragraph "21" of the Complaint, except admits that plaintiff was transported to the NYPD's 60th precinct.

22. Denies the allegations set forth in paragraph "22" of the Complaint.

23. Denies the allegations set forth in paragraph "23" of the Complaint.

24. Denies the allegations set forth in paragraph "24" of the Complaint.

25. Denies the allegations set forth in paragraph "25" of the Complaint.

26. Denies the allegations set forth in paragraph "26" of the Complaint.

27. Denies the allegations set forth in paragraph "27" of the Complaint,.

28. Denies the allegations set forth in paragraph "28" of the Complaint.

29. Denies the allegations set forth in paragraph "29" of the Complaint.

30. Denies the allegations set forth in paragraph "30" of the Complaint.

31. Denies the allegations set forth in paragraph "31" of the Complaint.

32. Denies the allegations set forth in paragraph "32" of the Complaint.

33. Denies the allegations set forth in paragraph "33" of the Complaint.

34. Denies the allegations set forth in paragraph "34" of the Complaint, except admits that plaintiff was given insulin at Bellevue Hospital.

35. Denies the allegations set forth in paragraph "35" of the Complaint, except admits that at approximately 9:52am on July 25, 2015, plaintiff arrived back to Brooklyn Central Booking.

36. Denies the allegations set forth in paragraph "36" of the Complaint.

37. Denies the allegations set forth in paragraph "37" of the Complaint, except admits that plaintiff was released on his own recognizance at approximately 5:58pm on July 25, 2015.

38. Denies the allegations set forth in paragraph "38" of the Complaint.

39. Denies the allegations set forth in paragraph "39" of the Complaint.

## AS TO "FIRST CLAM"

40. In response to the allegations set forth in paragraph "40" of the Complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

41. Denies the allegations set forth in paragraph "41" of the Complaint.

42. Denies the allegations set forth in paragraph "42" of the Complaint.

43. Denies the allegations set forth in paragraph "43" of the Complaint.

## AS TO "SECOND CLAM"

44. In response to the allegations set forth in paragraph "44" of the Complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

45. Denies the allegations set forth in paragraph "45" of the Complaint.

46. Denies the allegations set forth in paragraph "46" of the Complaint.

47. Denies the allegations set forth in paragraph "47" of the Complaint.

## AS TO "PRAYER FOR RELIEF"

48. The wherefore clause and each of its subparts are not averments of fact to which a response is required.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

49. The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

50. Any injury alleged to have been sustained resulted from Plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of defendants.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

51. Defendants have not violated any rights, privileges, or immunities under the Constitution of laws of the United States or the State of New York or any political subdivision thereof, nor have Defendants violated any acts of Congress providing for the protection of civil rights.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

52. Defendant Miah has not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore are entitled to qualified immunity.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

53. At all times relevant to the acts alleged in the Complaint, defendant Miah acted reasonably and properly in the lawful exercise of his discretion and/or judgmental functions/decisions. Therefore, defendant Miah is entitled to governmental immunity from liability on Plaintiff's state law claims.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

54. To the extent that the Complaint alleges any claims arising under New York State law, such claims may be barred, in whole or in part, for failure to comply with New York General Municipal Law §§ 50-(e), *et seq.*

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

55. Punitive damages cannot be received against any defendants, and, if available, the amount of such damages shall be limited by applicable state and federal law, including due process and other provisions of law.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

56. Plaintiff's action is barred, in whole or in part, by the doctrine of res judicata and collateral estoppel.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

57. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, waiver, and estoppel.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

58. Plaintiff's claims are barred, in whole or in part, by his own contributory and comparative negligence and by assumption of risk.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

59. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE:

60. Plaintiff provoked any incident.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE:

61. Plaintiff may have failed to mitigate damages.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE:

62. Service of process upon one or more of the Defendants was insufficient or untimely pursuant to Rule 4(m).

**WHEREFORE,** defendant requests judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
June 13, 2017

                      ZACHARY W. CARTER
                      Corporation Counsel of the City of New York
                      *Attorney for Defendant Miah*
                      100 Church Street
                      New York, New York 10007
                      (212) 356-5057

                      By:    /s/
                           Kaitlin Fitzgibbon
                           *Assistant Corporation Counsel*
                           Special Federal Litigation

cc:    **BY ECF**
       Gabriel Harvis, Esq.
       Harvis & Fett LLP
       305 Broadway, 14th Floor
       New York, NY 10007

15 CV 5040 (LDH) (RML)

| |
|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK |
| GILBERTO VARGAS,<br><br>                                                                         Plaintiff,<br><br>                          -against-<br><br>Detective EDDIE MARTINS, Shield No. 5731; Detective BRIAN TURNER, Shield No. 2662; Detective PAUL MARCONI, Shield No. 14831; Detective JOHN RIVERA Shield No. 452; Detective MIKE CIVIL, Shield No. 02114; Detective HARUN MIAH, Shield No. 2133; and JOHN and JANE DOE 1through 10, individually and in their official capacities (the names John and Jane Doe being ficticious, as the true names are presently unknown),<br><br>                                                                      Defendants. |
| **ANSWER TO THE FIRST AMENDED COMPLAINT ON BEHALF OF DEFENDANT MIAH** |
| *ZACHARY W. CARTER*<br>*Corporation Counsel of the City of New York*<br>*100 Church Street*<br>*New York, New York  10007*<br>*Of Counsel:  Kaitlin Fitzgibbon*<br>*Tel:  (212) 356-5057* |
| *Due and timely service is hereby admitsted.*<br><br>*New York, N.Y.  .........................................................,2017*<br><br>*................................................................................ Esq.*<br><br>*Attorney for .........................................................................* |